UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSETTE M. CORDOVA,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:11-cv-00773 - JLT<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 17) |

      Steven G. Rosales ("Counsel"), attorney for Plaintiff Josette Cordova ("Plaintiff"), seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 17). Plaintiff did not oppose the motion. Defendant filed a response, asserting the Commissioner "takes no position on the reasonableness of the request." (Doc. 18 at 4). For the following reasons, the motion for attorney fees is **GRANTED**.

**I.    Factual and Procedural History**

      Plaintiff and Counsel entered into a contingent fee agreement, which provided Plaintiff would pay twenty-five percent of any awarded past due benefits on April 21, 2011. (Doc. 17, Exh. 1).

      On May 12, 2011, Plaintiff filed a complaint for review of the administrative decision denying her Social Security benefits. (Doc. 1). Plaintiff and Defendant stipulated to a voluntary remand of the action pursuant to sentence four of 42 U.S.C. § 405(g) because significant portions of the record from the administrative hearing were inaudible. (Doc. 12). Accordingly, the Court remanded the action, for

1

a *de novo* hearing by an administrative law judge. (Docs. 13 at 1-2) (citing *Shalala v. Schaefer*, 509 U.S. 292 (1993)). Following the entry of judgment in favor of Plaintiff (Doc. 14), the parties stipulated to an award of $664.00 in attorneys fees pursuant to the Equal Access to Justice Act, which was awarded on October 13, 2011. (Doc. 16).

On June 22, 2012, the administrative law judge issued a fully favorable decision, concluding Plaintiff was disabled "as defined by the Social Security Act since June 1, 2004, the alleged onset date of disability." (Doc. 17, Exh. 2). On December 5, 2012, the Commissioner issued a notice indicating the retroactive benefits amount to $74,633.20. (Doc. 17, Exh. 3).

## II.     Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

## III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff willingly entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded retroactive benefits.  Counsel accepted the risk of loss in the representation and spent 4.7 hours on the action. (Doc. 17 at 4). Counsel provided a record of the time spent on the matter, which demonstrates the amount of time was reasonable. (Doc. 17, Exh. 4).

As a result of Counsel's work to remand the action to an administrative law judge, Plaintiff ultimately received an award of benefits. For this, Counsel requests a fee of $4,664. (Doc. 17 at 5). Because $664.00 was paid under the EAJA, the net cost to Plaintiff is $4,000.00. *Id.* at 7. This amount is well below twenty-five percent of the retroactive benefits, which total $74,633.20. Further, although served with the motion and informed a response may be filed (Doc. 26 at 2), Plaintiff did not file an opposition, and thereby indicates her belief that the fee request is reasonable.

## IV.     Conclusion and Order

The fees sought by Counsel are reasonable and not in excess of the twenty-five percent maximum permitted under 42 U.S.C. §406(b). In addition, there is no indication Counsel performed in a substandard manner or engaged in dilatory conduct in the course of his representation. To the contrary, due to the stipulated remand, Plaintiff was able to secure an award of benefits.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $4,664.00 is **GRANTED**;
2. The Commissioner is **DIRECTED** to pay the amount directly to Counsel; and
3. Counsel is **DIRECTED** to refund $664.00 to Plaintiff Josette Cordova.

IT IS SO ORDERED.

Dated:   **March 19, 2013**                    /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE